# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAPTAIN DARRELL OBER**, | : CIVIL ACTION NO. 1:04-CV-1669 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **COMMISSIONER JEFFREY B. MILLER**, et al., | : |
| **Defendants** | : |

## ORDER

AND NOW, this 10th day of January, 2006, following a telephone conference with counsel for the parties, during which counsel for plaintiff moved the court to unseal the deposition transcript of Cynthia Transue, see Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1070-71 (3d Cir. 1984) ("The party seeking . . . the sealing of a transcript bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue."), grant an enlargement of time for the filing of dispositive motions, see FED. R. CIV. P. 6, and compel defendants to produce certain evidence, see FED. R. CIV. P. 37, and the court finding that defendants have not demonstrated good cause for the continued

sealing of the transcript,[1] and that an enlargement of time is appropriate under the circumstances, it is hereby ORDERED that:

1. Plaintiff's motion to unseal the deposition transcript of Cynthia Transue is GRANTED. See Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1070-71 (3d Cir. 1984). The parties shall be permitted to use the transcript as they deem appropriate and necessary for purposes of this action.

2. Plaintiff's motion for an enlargement of time is GRANTED. See FED. R. CIV. P. 6. The parties shall file dispositive motions and supporting briefs on or before January 31, 2006.

3. On or before January 17, 2006, the parties shall MEET AND CONFER regarding the potential production of the evidence in dispute. Thereafter plaintiff shall be permitted to file, if necessary, a motion to compel.

4. All other pretrial instructions set forth in prior case management orders shall remain in effect.

       S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[1] Defendants' sole objection to lifting the seal was that certain portions of the transcript are irrelevant to the case *sub judice*. Counsel did not specify any particular harm that would arise, or cite to any legal authority for the proposition that the transcript should remain under seal. See In re Cendent Corp., 260 F.3d 183, 194 (3d Cir. 2001) (stating that "[b]road allegations of of harm, bereft of specific examples or articulated reasoning, are insufficient" to seal a transcript). Further, any relevancy concerns are more appropriately addressed in a motion *in limine*. See FED. R. EVID. 402.