**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CAPTAIN DARRELL OBER,** | : | **CIVIL ACTION NO. 1:04-CV-1669** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **COMMISSIONER JEFFREY** | : | |
| **B. MILLER, LT. COLONEL RALPH** | : | |
| **PERIANDI, MAJOR LEONARD** | : | |
| **MCDONALD, LT. COLONEL JOHN** | : | |
| **BROWN, MAJOR CHARLES** | : | |
| **SKURKIS, CORPORAL ROBERT** | : | |
| **MRGICH, MAJOR COLEMAN J.** | : | |
| **MCDONOUGH, JACK LEWIS,** | : | |
| **JOANNA REYNOLDS, and** | : | |
| **CAPTAIN ROBERT B. TITLER,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a § 1983 civil rights action filed by Darrell Ober ("Ober"), a former captain with the Pennsylvania State Police ("State Police"), against nine State Police employees. The majority of Ober's claims were resolved in this court's memorandum and order dated December 18, 2007. (See Doc. 84.) However, defendants failed to assert an argument in support of their request for relief with respect to Ober's declaratory judgment claim in their original motion for summary judgment. Therefore, this court denied defendants' motion with respect to the declaratory judgment claim, but granted defendants the right to file a renewed motion for summary judgment addressing the declaratory judgment claim. (See id. at 8.)

Presently before the court is defendants' renewed motion for summary judgment. (Doc. 86.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, defendants' motion will be granted.

I.  **Statement of Facts**[1]

In July 2003, Ober prepared a memorandum that detailed what he believed to be acts of public corruption committed by defendants Colonel Jeffrey B. Miller ("Miller") and Lieutenant Colonel Ralph Periandi ("Periandi"). Specifically, the memorandum contended that these State Police officials used their power and influence to aid a state senator in attacks against a political enemy. (See Doc. 87 ¶ 1; Doc. 96 ¶ 1.) Ober retained a private attorney, Don Bailey, Esquire ("Attorney Bailey"), to review his memorandum to ascertain whether its contents met the legal definition of public corruption, and, if so, how best to distribute the information. (Doc. 84 at 9.) On advice of counsel, Ober submitted the memorandum to his immediate supervisor, defendant Major Leonard McDonald, who attempted to persuade Ober not to distribute the memorandum. (Id.)

Defendant Captain Robert B. Titler ("Titler"), the State Police disciplinary officer, found that Ober had violated Field Regulation 1-1.05 ("FR 1-1.05") by divulging the confidential information contained within the memorandum to an unauthorized individual, namely, Attorney Bailey. (See Doc. 87 ¶ 12; Doc. 96 ¶ 12.)

---

[1] A thorough recitation of the facts of the above-captioned case is set forth in the memorandum and order dated December 18, 2007 (Doc. 84), familiarity with which is presumed.

Titler concluded that due to Ober's violation of the regulation, criminal and administrative investigations had been compromised and the safety of officers had been endangered. (See Doc. 87 ¶ 12; Doc. 96 ¶ 12.) FR 1-1.05 prohibits State Police members from dispersing "any confidential information of the [State Police] or its members, without proper authority." (See Doc. 87 ¶ 12; Doc. 96 ¶ 12.) The regulation defines "confidential information" as information which, if disclosed, could:

> a. Endanger a member, or any other person.
>
> b. Impede a just disposition of a case . . .
>
> f. Compromise or negate the judicial process . . .
>
> h. Make known the contents of an internal or criminal investigation record or report to an unauthorized person

(See Doc. 87 ¶ 14; Doc. 96 ¶ 14.) Because Ober's discipline was premised on his disclosure of confidential information to an attorney, Ober alleges that FR 1-1.05 prohibits members of the State Police from consulting with attorneys to seek legal advice in violation of the First Amendment's guarantees of freedom of speech, association, and petition. (See Doc. 95 at 3, 5.)

## II.   Standard of Review

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). It places the burden on the non-moving party to come forth with "affirmative evidence,

beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

### III. Discussion

Ober's amended complaint seeks a declaration that FR 1-1.05 violated his First Amendment right to seek legal counsel.[2] (See Doc. 10 ¶¶ 135-151.) To determine whether Ober's communications with Attorney Bailey were protected by the First Amendment, the court "must ascertain (1) whether the speech was on a matter of public concern; and (2) if it was, whether the government's interest in efficiency or effectiveness outweighs the value of the speech." Cipriani v. Lycoming County Hous. Auth., 177 F. Supp. 2d 303, 321 (M.D. Pa. 2001); see also Pickering v. Bd. of Educ., 391 U.S. 563, 568 (1968) (stating that, in adjudicating a public employee's right of free speech, "a balance [must be found] between the interests of

---

[2] "The right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association and petition." Cipriani v. Lycoming County Hous. Auth., 177 F. Supp. 2d 303, 321 (M.D. Pa. 2001) (quoting Denius v. Dunlap, 209 F.3d 944, 953 (7th Cir. 2000)); see also Barry v. Luzerne County, 447 F. Supp. 2d 438, 448 (M.D. Pa. 2006).

the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees"). For purposes of the instant motion, defendants do not dispute that Ober's memorandum addressed an issue of public concern. (See Doc. 97 at 4-8); see also Feldman v. Phila. Hous. Auth., 43 F.3d 823, 829 (3d Cir. 1994) (stating that "[d]isclosing corruption, fraud, and illegality in a government agency is a matter of significant public concern").

The dispositive question in the instant case is whether Ober's interest in communicating with his attorney outweighed the State Police's interest in maintaining the confidentiality of information regarding a current investigation. See Pickering, 391 U.S. at 568. Having carefully reviewed the evidence of record, the court finds that Ober has failed to prove that the balance of interests tips in his favor. The State Police has a significant interest in maintaining the integrity of its investigations as well as protecting the safety of its officers and members of the community. See Green v. Phila. Hous. Auth., 105 F.3d 882, 888-89 (3d Cir. 1997); see also Meenan v. Harrison, 264 F. App'x 146, 151 (3d Cir. 2008) (stating that "courts have given law-enforcement agencies wide latitude to regulate an employee's speech when that speech impacts areas such as discipline, morale, and uniformity within the force"); Perisco v. City of Jersey City, 67 F. App'x 669, 674 (3d Cir. 2003) (citing the police department's "substantial interest in maintaining its rules and regulations"). In the instant case, Ober's disclosure of the confidential information had the potential to compromise criminal and administrative investigations and to

jeopardize the safety of officers. (See Doc. 87 ¶ 12; Doc. 96 ¶ 12.) In fact, as defendants note, these dangers were realized in the instant case when the information contained in Ober's memorandum was leaked to the media. The source of the leak remains undetermined, which underscores the need for tight restrictions on the distribution of confidential information. Once confidential information has been disseminated to an outside source, it becomes next to impossible for the State Police to determine the source of a leak and to institute the appropriate punishments for the wrongdoer. Considering the potential threats to investigations and to officer safety that may result from unauthorized leaks, the State Police's interest in preventing the disclosure of confidential information to any outside source is substantial.

In contrast, Ober's interest in divulging confidential information to his attorney is less significant. An individual has a legitimate interest in consulting with an attorney about his or her legal rights and remedies. Cipriani, 177 F. Supp. 2d at 321. However, Ober's right to consult with his counsel in the instant case is markedly reduced by the circumstances underpinning the disclosure at issue. Ober does not contend that FR 1-1.05 prohibited him from disclosing the *issue of public concern*, namely, the alleged corruption of Miller and Periandi, to his attorney. Instead, he contends only that he was prevented from divulging the *confidential information* contained within the memorandum to his attorney. Ober could have adequately informed his attorney of the situation without exposing critical information, such as names, places, and dates, which were not necessary to his

attorney's determination of whether the incident amounted to public corruption. See Jacobs v. Schiffer, 204 F.3d 259, 265-66 (D.C. Cir. 2000) ("[T]he First Amendment does not provide a federal employee seeking legal advice regarding a dispute with the employing agency with *carte blanche* authority to disclose any and all confidential government information to the employee's attorney."). Furthermore, FR 1-1.05 only prohibits State Police officials from divulging information to third parties without seeking prior permission from the proper authority. (Doc. 87 ¶ 14; Doc. 96 ¶ 14.) Ober did not even attempt to receive permission for Attorney Bailey to view the confidential information. (See Doc. 87 ¶ 4; Doc. 96 ¶ 4.) Had he utilized the appropriate avenues of relief provided by FR 1-1.05, Ober may have been permitted to disseminate the confidential information to his attorney. Having failed to fully exhaust such avenues of relief, Ober cannot now claim that the regulation violated his First Amendment rights.

Ober relies heavily on Martin v. Lauer, 686 F.2d 24, 30-35 (D.C. Cir. 1982), for the proposition that the balance of interests tips in his favor in the instant case. In Martin, the Office of Juvenile Justice and Delinquency Protection ("OJJDP") instituted a reduction in force program. When several employees retained counsel in response to the program, the OJJDP administrator issued a memorandum that imposed various "legal restrictions" on the employees' rights to disseminate OJJDP information to their attorneys. Id. at 27-28. Amongst the restrictions were an absolute prohibition on providing any OJJDP "information or documents" to an attorney and a requirement to inform the administrator of any such

communications with an attorney that had preceded the memorandum. Id. After balancing the competing interests, the court held that such a broad restriction designed to "protect the government's unclear interest in monitoring all discussions [of OJJDP information] cuts too deeply into the employee's first amendment rights." Id. at 34-35.

Martin is factually distinguishable from the action *sub judice* in a number of key respects. First, Martin involved a non-law-enforcement agency, which would not be afforded the same "wide latitude to regulate an employee's speech" as would the State Police in the instant case. See Meenan, 264 F. App'x at 151; see also U.S. Department of Justice Office of Justice Programs, Office of Juvenile Justice and Delinquency Prevention, http://ojjdp.ncjrs.org (last visited July 18, 2008) (stating that the OJJDP is designed to "develop and implement effective programs for juveniles" rather than to serve as a law-enforcement agency). Second, in contrast to the OJJDP's "unclear interest" in nondisclosure in Martin, the State Police has a clear and substantial interest in preventing the disclosure of confidential investigatory information in the instant case. 686 F.2d at 34-35. Third, the provision at issue in Martin *expressly* prohibited the affected individuals from communicating with attorneys and *affirmatively* required them to reveal any prior communications they had made to attorneys, while FR 1-1.05 contains no similar requirements. Id. at 27-28. Finally, the prohibited communications in Martin extended to *all* "information or documents" concerning the OJJDP, not just *confidential, investigatory information* as in the instant case. Id. In sum, Martin

involved the balancing of an "unclear" governmental interest against an overbroad restriction on speech, while the instant case involves the balancing of a substantial governmental interest against a narrowly-tailored speech restriction. Accordingly, the court finds that <u>Martin</u> does not compel the result sought by Ober.

The court will grant defendants' renewed motion for summary judgment. An appropriate order will issue.

                                               <u>S/ Christopher C. Conner</u>
                                               CHRISTOPHER C. CONNER
                                               United States District Judge

Dated:       July 21, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAPTAIN DARRELL OBER**, | : | **CIVIL ACTION NO. 1:04-CV-1669** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **COMMISSIONER JEFFREY** | : | |
| **B. MILLER, LT. COLONEL RALPH** | : | |
| **PERIANDI, MAJOR LEONARD** | : | |
| **MCDONALD, LT. COLONEL JOHN** | : | |
| **BROWN, MAJOR CHARLES** | : | |
| **SKURKIS, CORPORAL ROBERT** | : | |
| **MRGICH, MAJOR COLEMAN J.** | : | |
| **MCDONOUGH, JACK LEWIS,** | : | |
| **JOANNA REYNOLDS**, and | : | |
| **CAPTAIN ROBERT B. TITLER**, | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 21st day of July, 2008, upon consideration of the renewed motion for summary judgment (Doc. 86), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The renewed motion for summary judgment (Doc. 86) is GRANTED.

2. A revised pretrial and trial schedule shall issue by future order of court.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge